## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRASCO WELLNESS, LCC, d/b/a
TAMPA BAY SPINE AND SPORT,
a Florida Limited Liability Company,

     Plaintiff,

v.                                Case No. 8:23-cv-02536-WFJ-UAM

TAMPA BAY SPINE & SPORTS
MEDICINE, LLC, a Florida Limited
Liability Company, TAMPA BAY
SPINE AND SPORT, LLC, a Florida
Limited Liability Company, and
ERIC J. NYE, an individual,

     Defendants.

_____/

## <u>ORDER</u>

Before the Court is Tampa Bay Spine & Sports Medicine, LLC's, Tampa Bay Spine and Sport, LLC's, and Eric J. Nye's (collectively, "Defendants") Motion to Dismiss (Dkt. 31). Trasco Wellness, LLC ("Plaintiff") filed a Response (Dkt. 32). Upon careful consideration, the Court grants Defendants' Motion as to Count VII, with leave to amend.

## BACKGROUND

Plaintiff is "a multidisciplinary medical practice" providing medical, rehabilitative, surgical, and chiropractic care, as well as physical therapy. Dkt. 28 ¶ 11. From 2016 until 2023, Plaintiff operated as "Tampa Bay Spine and Injury." *Id.* ¶ 13. In October 2022, pursuant to section 865.09 of the Florida statutes, Plaintiff registered the fictitious name "Tampa Bay Spine and Sport." Dkt. 28-3 at 2. It began doing business under that name in March 2023. Dkt. 28 ¶ 14. The Complaint alleges that Plaintiff filed a trademark application for its new name on September 13, 2023; however, the attached registration paperwork has a filing date of September 19, 2023. Dkt. 28 ¶ 14; Dkt. 28-2 at 2–3.

Defendant Tampa Bay Spine and Sports Medicine is a medical provider offering services such as sports medicine, spinal decompression, and spinal pelvic stabilization under the name "Tampa Bay Spine and Sports Medicine." *Id.* ¶ 63. On September 15, 2023, Tampa Bay Spine and Sports Medicine sent Plaintiff a letter asking it to cease and desist from using the name "Tampa Bay Spine and Sport." Dkt. 28-4 at 2. In the cease-and-desist, Tampa Bay Spine and Sports Medicine asserts that "Tampa Bay Spine and Sport" is "strikingly similar" to "Tampa Bay Spine and Sports Medicine" and that Plaintiff's use of its new name would cause confusion among consumers. *Id.* Additionally, Tampa Bay Spine and Sports Medicine filed a fictitious name registration for "Tampa Bay Spine & Sport" on

September 14, 2023, Dkt. 28-5 at 2, Articles of Organization as a Florida Limited Liability Company by the name of "Tampa Bay Spine & Sport" on September 18, 2023, Dkt. 28-6 at 2–3, and a trademark application for "Tampa Bay Spine & Sport" on October 8, 2023, Dkt. 28-7 at 2–5.

Plaintiff responded to the cease-and-desist with its own letter on November 3, 2023. Dkt. 28-8. In the letter, Plaintiff expressed its view that there is no likelihood of confusion between "Tampa Bay Spine and Sport" and "Tampa Bay Spine and Sports Medicine" and conveyed its belief that Tampa Bay Spine and Sports Medicine's adoption of the name "Tampa Bay Spine & Sport" was done in bad faith. *Id.* at 3–5. Three days later, Plaintiff filed its original Complaint (Dkt. 1).

Plaintiff later filed the instant Amended Complaint. Plaintiff seeks declaratory judgment that: (1) if Defendants own a valid trademark, Plaintiff did not infringe it under federal or Florida law; (2) Plaintiff did not engage in unfair competition; and (3) "Tampa Bay Spine & Sports Medicine" is not a valid trademark. In the alternative, Plaintiff alleges trademark infringement under federal and Florida law. Finally, Plaintiff brings a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

In the instant Motion, Defendants urge the Court to dismiss the entire action under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response (Dkt.

32). For the reasons outlined below, the Court denies the Motion as to Counts I through VI and VIII through IX but grants it as to Count VII.

## LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court may consider "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## ANALYSIS

The Court will address the Amended Complaint's requests for declaratory judgment, followed by its alternative theory of infringement, and finally its FDUTPA claim.

## I.       Requests For Declaratory Judgment (Counts I–VI)

Defendants ask the Court to dismiss Plaintiff's requests for declaratory judgment (Counts I–VI) for two reasons: (1) the Amended Complaint fails to plead sufficient facts to show a declaratory judgment is warranted; and (2) Plaintiff's assertions supporting its request for declaratory judgment conflict with the allegations that underpin its alternative infringement claims. Dkt. 31 at 10–12. Neither of these arguments is persuasive.

A district court has discretion to enter a declaratory judgment when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" the declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The purpose of the federal Declaratory Judgment Act is "to ameliorate the plaintiff's dilemma of having to choose between abandoning his rights or risking prosecution." *Abbott Labs. V. Gardner*, 387 U.S. 136, 152 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977).

The cease-and-desist letter, which instructed Plaintiff to abandon its use of "Tampa Bay Spine and Sport" or risk a lawsuit, is the type of scenario that suggests a dispute susceptible to a declaratory judgment under *MedImmune*. *See Era Organics, Inc. v. Erbaviva, LLC*, No: 8:18-cv-2219-T-30SPF, 2019 WL 658797, at

*2 (M.D. Fla. Jan. 4, 2019). Without a declaratory judgment, Plaintiff would be forced to cease using the name "Tampa Bay Spine and Sport" or risk a lawsuit. *See* Dkt. 28-4 at 2. Thus, there exists a controversy of sufficient immediacy and reality between parties with adverse legal interests. Defendants' first argument fails.

Defendants' second argument also lacks merit. To support their request for a declaratory judgment, Plaintiff avers that "Tampa Bay Spine and Sports Medicine" is descriptive, generic, and used extensively by third parties. Dkt. 31 at 10–11. But to press its alternative counts of infringement, Plaintiff relies on the validity and enforceability of their alleged trademark in "Tampa Bay Spine and Sport." *Id.* at 11. Defendants argue that Plaintiff's "conflicting" claims undermine each other. *Id.* at 10–11. While a plaintiff "may not plead internally inconsistent facts within a count," it is entirely permissible to allege alternative conflicting theories. *In re Zantac*, 510 F. Supp. 3d 1141, 1164–65 (S.D. Fla. 2020) (collecting cases). Further, it is not clear that Plaintiff's facts conflict, as "Tampa Bay Spine and Sports Medicine" is not the exact same name as "Tampa Bay Spine and Sport." In any case, Plaintiff's use of allegedly conflicting legal conclusions in separate, alternative theories is not grounds for dismissal. Plaintiff's requests for declaratory judgment survive the Motion to Dismiss.

## II.    Federal and State Infringement Claims (Counts VIII and IX)

Defendants also argue that Plaintiff failed to state a claim for its alternative counts of infringement under the Lanham Act, 15 U.S.C. § 1125(a), and Florida common law. The analysis is the same under the Lanham Act and Florida common law. *Florida Int'l Univ. v. Florida Nat'l Univ.*, 830 F.3d 1242, 1251 (11th Cir. 2016). Plaintiff's theory is that its use of "Tampa Bay Spine and Injury" can be tacked to its use of "Tampa Bay Spine and Sport," such that it can claim first use of "Tampa Bay Spine and Sport." Dkt. 28 at 19. Defendants argue that Plaintiff failed to plead infringement because it cannot meet the "strict" standard to show tacking. Dkt. 31 at 6.

Generally, two marks may be tacked when they "create the same, continuing commercial impression so that consumers consider both as the same mark." *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 422 (2015) (quotation omitted). "Application of a test that relies upon an ordinary consumer's understanding of the impression that a mark conveys falls comfortably within the ken of a jury." *Id.* While tacking may, in some circumstances, be decided on a motion for summary judgment or motion for judgment as a matter of law, "the jury is generally the decisionmaker that ought to provide [this] fact-intensive answer." *Id.*

Defendant's argument for dismissing Counts VIII and IX is solely based on tacking. Dkt. 31 at 4–8. Tacking is a fact-intensive question better suited for the jury. Therefore, Defendants' Motion to Dismiss Counts VIII and IX is denied.

### III.   FDUTPA Claim

Finally, Defendants argue that Plaintiff's FDUTPA claim should be dismissed for failing to plead causation and damages with particularity. A FDUTPA claim has three elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Rollins Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Ordinarily, plaintiffs bringing claims of fraud must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard by stating the circumstances of their claim with particularity. Fed. R. Civ. P. 9(b). However, "FDUTPA's elements are already more particularized than those of common law fraud." *Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1099, 1021 (M.D. Fla. 2019). Plaintiff is cautioned that the deceptive / unfair element is thinly pled here and FDUTPA should be reconsidered by Plaintiff. However, the Court does not dismiss on this ground presently.

Defendants argue that Plaintiff fails to show damages "with specificity." Dkt. 31 at 9. When competitor businesses, rather than consumers, press a FDUTPA claim, "lost profits, lost revenue, reputation harm, and other damages commonly observed in business torts claims" constitute actual damages. *Tymar Dist. LLC v.*

*Mitchell Grp. USA, LLC*, 558 F. supp. 3d 1275, 1284 (S.D. Fla. 2021); *Global Tech Led, LLC v. Hilumz Int'l Corp.*, No: 2:15–cv–553–FtM–29CM, 2017 WL 588669, *9 (M.D. Fla. Feb. 14, 2017) (collecting cases). Plaintiff stated that, because of Defendants' allegedly fraudulent claim to own the "Tampa Bay Spine and Sport" mark, it has lost business and customers. Dkt. 28 at 18. Plaintiff need not plead more to survive a motion to dismiss. *See Sun Protection Factory, Inc. v. Tender Corp.*, No. 604CV732ORL19KRS, 2005 WL 2484710, *14 (M.D. Fla. Oct. 7, 2005) (noting that even at the summary judgment stage, "lost business and lost profits constitute a loss despite the fact that the specific dollar value of the loss has not yet been demonstrated").

However, competitor-plaintiffs bringing FDUTPA claims must still plead injury to consumers, and Plaintiff failed to do so. *Caribbean Cruise Line, Inc. v. Better Business Bureau*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015). Merely postulating that consumers may be confused, as Plaintiff did, is not sufficient to state a claim under FDUTPA. *Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc*, No. 3:17-cv-00686-MCR-CJK, 2018 WL 7351686, *2 (N.D. Fla. Nov. 5, 2018). "Even if there is a likelihood of confusion, it is not necessarily always true that consumers have, in fact, been harmed." *Car Body Lab Inc. v. Lithia Motors, Inc.*, NO. 21-cv-21484-MORENO/GOODMAN, 2021 WL 2658693, *3 (S.D. Fla. June 22, 2021), *report and recommendation adopted by*

2021 WL 3403208 (S.D. Fla. Aug. 4, 2021). To survive a motion to dismiss, Plaintiff must state facts showing that consumers were actually harmed by Defendants' allegedly fraudulent filings.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Dkt. 31) is granted without prejudice as to Count VII. Plaintiff may have twenty-one (21) days to amend.

**DONE** and **ORDERED** at Tampa, Florida, on April 4, 2024.

/s/ William F. Jung_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record