UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRASCO WELLNESS, LLC,

    Plaintiff,

v.   Case No.: 8:23-cv-2536-WFJ-LSG

TAMPA BAY SPINE & SPORTS
MEDICINE, LLC; TAMPA BAY
SPINE AND SPORT, LLC; and
ERIC J. NYE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

The defendants Tampa Bay Spine & Sports Medicine, LLC, Tampa Bay Spine and Sport, LLC, and Eric J. Nye, move, Doc. 70, for reconsideration and clarification of the order denying their motion to extend the expert disclosure deadline and to amend their answer to the third amended complaint. Docs. 57, 64, 68, 69. After careful review, I recommend denying the motion.

First, the motion is procedurally flawed. The defendants move under Rules 54(b), 59, and 60, Federal Rules of Civil Procedure. Doc. 70 at 1. However, "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024). Thus, the standard for "addressing newly discovered evidence or manifest errors under Rule 59(e), or mistake, inadvertence, fraud, and the like under Rule 60(b)" do

1

not apply, because a district court applies the standard under Rule 54(b) for the reconsideration of an interlocutory order. *Hornady*, 118 F.4th at 1379.

Rule 54(b) permits a district court to revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). A district court evaluates a motion for reconsideration "under the standards inherent in Rule 54(b)—plenary authority 'to reconsider, revise, alter or amend' a non-final order before the entry of final judgment." *Hornady*, 118 F.4th at 1379-80 (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Despite this authority, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id*. at 1380.

Second, the defendants raise for the first time an argument that they should have offered at oral argument, in written briefing, or in objection to the report and recommendation. Doc. 70 at 2 (arguing that the counterclaim "is an independent pleading that would exist if filed separately or if the complaint were voluntarily or involuntarily dismissed."). In fact, the defendants' motion is contrary to their earlier position that the counterclaims were not preserved. *See* Doc. 62 at 7-8. Additionally, because the defendants failed to object to the report and recommendation, "[u]nder Section 636(b)(1) of Title 28, United States Code, findings of fact which are accepted and adopted by the district court without objection by either party become the

findings of the district court itself and, on appeal, the parties may not challenge these findings except for plain error or manifest injustice." *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Even if considered, the argument fails. The defendants contend that an amended complaint "serves only to abandon the claims of a plaintiff" but not a counterclaim by a defendant, "who after filing a counterclaim, answers a subsequently amended complaint." Doc. 70 at 2. The defendants claim that Rules 13 and 15, Federal Rules of Civil Procedure, require no amendment to a counterclaim following an amended complaint. Doc. 70 at 5-6. The defendants note that the Eleventh Circuit has no binding precedent holding that the failure to reallege a counterclaim in an amended answer constitutes a waiver of the counterclaim. Doc. 70 at 4.

Noticeably absent from the defendants' motion is citation to precedent from this district holding that, if a defendant fails to reallege a counterclaim, the counterclaim is abandoned. *See Emmaculate Reflections, LLC v. Altman*, No. 6:19-CV-2233-WWB-LRH, 2021 WL 1819333, at *1 (M.D. Fla. Mar. 4, 2021); *Bahama Bay II Condo. Ass'n, Inc v. United Nat'l Ins. Co.*, 374 F. Supp. 3d 1274, 1278 (M.D. Fla. 2019); *Reams v. GK Rest., LLC*, No. 3:13-cv-1446-J-39JBT, 2015 WL 13735449, at *2 (M.D. Fla. July 21, 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." (quoting 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (3d ed. 2010))).

3

Courts throughout the Eleventh Circuit consistently hold the same. *Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-CV-23251, 2021 WL 86776, at *4 (S.D. Fla. Jan. 11, 2021) ("[B]ecause an amended pleading supersedes the original pleading, where a defendant fails to reallege its previously asserted counterclaim in its amended pleading, the counterclaim is deemed to have been abandoned."); *New York Marine & Gen. Ins. Co. v. Boss Interior Contractors, Inc.*, No. 20-CV-23777, 2021 WL 327421, at *1 n.1 (S.D. Fla. Feb. 1, 2021) ("[I]t is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading."); *T.U. Parks Constr. Co. v. Happy Valley Stables, Inc.*, No. 4:16-cv-0097-HLM, 2017 WL 4866265, at *5 (N.D. Ga. Sept. 14, 2017); *Steadfast Ins. Co. v. Sec. Eng'rs, Inc.*, 2015 U.S. Dist. LEXIS 7203, *2-4, 2015 WL 300412, *1 (N.D. Ala. Jan. 22, 2015) ("Because [plaintiff] filed an amended complaint and [defendant] did not reassert its counterclaims in its answer to the amended complaint, [defendant] abandoned the counterclaims asserted in its original answer."); *Pa. Nat'l Mut. Cas. Ins. Co. v. Snider*, 996 F.Supp.2d 1173, 1180 n.8 (M.D. Ala. Feb. 11, 2014). The defendants provide no reason to divert from this persuasive authority.

Finally, the defendants again seek to extend the case management deadlines to permit expert disclosures and limited financial discovery. They argue that the inability to re-allege counterclaims has rendered their "ability to compel financial discovery from Plaintiff moot." Doc. 70 at 2. As explained before, the reason for denying an extension was both the lack of a counterclaim and the defendants' lack of diligence in pursuing that discovery before seeking an extension. Doc. 57 at 2-3; *cf.*

4

Doc. 64 at 5, 7. The defendants raise no new argument on this point and, therefore, the request again should be rejected. Docs. 57; 64, 68-69; *Hornady*, 118 F.4th at 1381.

Accordingly, I recommend denying the defendants' motion, Doc. 70.

**REPORTED** in Tampa, Florida, on this 3rd day of June, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.