UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRASCO WELLNESS, LLC** d/b/a
**TAMPA BAY SPINE AND SPORT,**
a Florida Limited Liability Company,

Plaintiff,                                    CASE NO.: 8:23-cv-02536-WFJ-LSG

v.

**TAMPA BAY SPINE & SPORTS
MEDICINE, LLC,** a Florida
Limited Liability Company,
**TAMPA BAY SPINE AND SPORT, LLC**,
a Florida Limited Liability Company, and
**ERIC J. NYE,** an individual,

Defendants.

_____/

## <u>ORDER</u>

Before the Court are the parties' motions to strike. Plaintiff Trasco Wellness
d/b/a Tampa Bay Spine and Sport ("Trasco" or "Plaintiff") filed an Amended
Motion to Strike Defendants' Supplemental Disclosures, Dkt. 72, Defendants
Tampa Bay Spine & Sports Medicine, LLC ("TBSSM") and Dr. Eric J. Nye ("Dr.
Nye") (collectively, "Defendants") have responded in opposition, Dkt. 84, and
Plaintiff Trasco replied. Dkt. 90. Defendants TBSSM and Dr. Nye filed a Motion
to Strike Affidavit of Undisclosed Witness, Dkt. 91, Plaintiff Trasco responded in
opposition, Dkt. 100, and Defendants replied. Dkt. 103. Upon careful review, the

Court grants Plaintiff's Motion to Strike and grants in part and denies in part Defendants' Motion to Strike.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(1), parties must affirmatively disclose the names of witnesses they may use at trial. Specifically, "without awaiting a discovery request," a party must provide: "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Litigants additionally have an ongoing duty to timely supplement their Rule 26(a) disclosures and discovery responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

If a party fails to adequately disclose a witness or provide the necessary information under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). Relevant factors in determining whether to

exclude an untimely disclosed witness include: "(1) 'the explanation for the failure to disclose the witness,' (2) 'the importance of the testimony,' and (3) 'the prejudice to the opposing party if the witness had been allowed to testify.'" *Sabal Trail Transmission, LLC v. Lasseter*, 823 F. App'x 914, 919 (11th Cir. 2020) (quoting *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (internal citation omitted). In applying Rule 37(c), a district court enjoys a "wide latitude" of discretion to either admit or exclude untimely submissions. *See Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004).

## DISCUSSION

### I.    Plaintiff's Motion to Strike

Plaintiff Trasco moves to strike Defendants' supplemental disclosure to their initial Rule 26 Disclosures. *See* Dkt. 72; Dkt. 72-1 (showing Defendants' Supplemental Disclosure filed on May 20, 2025). Trasco argues that the supplement disclosure of two witnesses, Richard Ficca and Spencer Reynolds, is untimely and not substantially justified. Dkt. 72 at 3. Specifically, Trasco contends that discovery "has been open for over a year, yet Defendants are just now, in the final week of the extended discovery deadline, coming forth with their only two

witnesses to testify to an essential issue in this case: secondary meaning. Not only are the Disclosures untimely because these witnesses could have been disclosed last year, but they are also untimely because Plaintiff has no time to investigate the newly disclosed witnesses before the discovery deadline. Discovery ends on May 30, 2025, leaving no time for Plaintiff to subpoena, prepare for, and depose the two witnesses." *Id.* at 4; *see also* Dkt. 57 at 3 (extending discovery cut-off to May 30, 2025).

In response, Defendants argue that in the December 17, 2024, deposition of TBSSM's corporate representative, Dr. Nye testified that he previously engaged in networking groups, notably Business Network International ("BNI"), and that he sponsors United States Power Lifting Association ("USPLA") events. Dkt. 84 at 4. Therefore, Defendants' supplemental disclosure of two witnesses who are part of BNI and USPLA is supposedly not a surprise to Plaintiff and is not untimely. *Id.*

Here, the Court rejects Defendants' arguments that the supplemental disclosure is timely. As discussed above, Rule 26(e) imposes a clear duty to supplement initial disclosures and discovery responses. Yet, Defendants' supplemental disclosure provides no reason for why they disclosed two additional witnesses only ten days before the close of discovery. *See* Dkt. 72-1. By Defendants' own admission, their corporation representative (Dr. Nye) testified on December 17, 2024, that he knew there were people within BNI and USPLA who

could provide testimony concerning "secondary meaning and mark confusion." Dkt. 72-1 at 3; Dkt. 84 at 4; *see also* Dkt. 84-1 at 4–5 (showing deposition of Dr. Nye discussing his engagement with BNI and sponsoring USPLA powerlifting meets). As such, by at least December 17, 2024, Defense counsel knew there could be additional witnesses, like Richard Ficca and Spencer Reynolds, who could "have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendants' decision to only disclose these two witnesses on May 20, 2025, over five months later, violates Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1).

Furthermore, Defendants' argument that Plaintiff was already "familiar" with BNI based on the depositions of other witnesses does not absolve them from complying with Rule 26. Dkt. 84 at 4. While the Court is unaware of how many current and former BNI employees there are, "[c]onveying a generalized interest in developing the testimony of a group comprised of possibly hundreds of individuals plainly does not comply with the dictates of Rule 26(a), which requires names, specific contact information, and the subject matter of discoverable information." *Henrietta Phillips v. Delta Airlines*, No. 21-80413-CV, 2021 WL 6750538, at *2 (S.D. Fla. Nov. 18, 2021) (citing Fed. R. Civ. P. 26(a)(1)(A)(i)).

Next, because the Court has found that Defendants' disclosure violates Rule
26(a), the Court must determine whether the violation was "substantially justified
or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification exists if there is
justification to a degree that could satisfy a reasonable person that parties differ as
to whether the party was required to comply with the disclosure request." *Roberts
v. Wright Nat'l Flood Ins. Co.*, No. 18-CV-1904-ORL37LRH, 2020 WL 3035230,
at *2 (M.D. Fla. Apr. 27, 2020) (citing *Northrup v. Werner Enter., Inc.*, No. 8:14-
cv-1627-T-27JSS, 2015 WL 4756947, at *1 (M.D. Fla. Aug. 11, 2015)). "The test
is satisfied if there is a genuine dispute concerning compliance." *Id.* (citing *Home
Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 03-CV-1860-ORL19KRS,
2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005)). "A harmless failure to disclose
exists when there is no prejudice to the party entitled to receive the disclosure."
*Northrup*, 2015 WL 4756947, at *1 (citation and quotations omitted).

To determine whether the failure was substantially justified or harmless,
courts also consider: "(1) the unfair prejudice or surprise of the opposing party; (2)
the opposing party's ability to cure the surprise; (3) the likelihood and extent of
disruption to the trial; (4) the importance of the evidence; and (5) the offering
party's explanation for its failure to timely disclose the evidence." *Northrup*, 2015
WL 4756947, at *2 (citation omitted). The non-disclosing party bears the burden

6

of showing that a failure to disclose was substantially justified or harmless.
*Mitchell*, 318 F. App'x at 824.

Here, Defendants' response has failed to demonstrate that the untimely
disclosure was substantially justified or harmless under Rule 37(c); nor do the
circumstances of this case suggest any justification. Defendants argue that "two
short depositions of the disclosed witnesses well before trial are all that is required
to cure this surprise[,]" and the Court's decision to deny "extension of time to
disclose an expert, part of which [the] reasoning was that there was no longer a
counterclaim pending as it was not restated in the subsequent answer to Plaintiff's
Third Amended Complaint, [led Defendants] to go in a different direction and
began the process of looking at other [lay] witnesses" in BNI and USPLA. Dkt. 84
at 6–7. What Defendants leave out, however, is that their pivot away from expert
witnesses to lay witnesses (to prove secondary meaning) stemmed from
Defendants' own lack of diligence. Dkt. 73 at 4. Defendants' lack of diligence
during discovery is a recurring issue that the Court has repeatedly admonished
them about. *See* Dkt. 73 at 4; Dkt. 57 at 2-3; Dkt. 64 at 5, 7. As Plaintiff correctly
articulates, "if Defendants had been diligent in pursuing their case, they would
have made their supplemental disclosures very soon after the expert disclosure
deadline expired [on March 3, 2025] because they knew or should have known
they needed evidence of secondary meaning, yet they waited until the final week of

discovery to supplement their initial disclosures. Therefore, Defendants have not shown diligence in pursuing their case." Dkt. 90 at 7; *see also* Dkt. 47 (showing Defendants' expert disclosure due on March 3, 2025).

Moreover, expecting Plaintiff to organize two depositions in the ten days before the close of discovery or presuming the Court would reopen discovery fails to demonstrate a lack of prejudice, especially since it would likely require amendments to Plaintiff's Motion for Summary Judgment (Dkt. 74) and Defendants' Motion for Summary Judgment (Dkt. 81). *See Jones v. Aaron's Inc.*, 748 F. App'x 907, 914 (11th Cir. 2018) (affirming the district court's striking of declarations of witnesses disclosed on the last day of discovery because the late disclosure, which deprived the defendant of the opportunity to depose them or gather discovery, was not harmless).

To the extent Defendants argue the supplemental witnesses are important for secondary meaning, this claimed importance is outweighed by Defendants' failure to offer any satisfactory justification for their lack of disclosure and the resulting prejudice. *See, e.g.*, *Romero*, 552 F.3d at 1321 (stating that the untimeliness of the disclosure and the prejudice can together outweigh the importance of the testimony); *Bearint*, 389 F.3d at 1353–54 ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the opposing party] require us to

affirm the district court's ruling [excluding an untimely disclosed witness from testifying].”). As such, Plaintiff would be prejudiced since discovery is now closed, and any additional reopening of discovery would disrupt the proceedings. Thus, the Court finds that Defendants' supplemental disclosure is neither substantially justified nor harmless under Rule 37(c) and grants the Plaintiff's motion to strike.

## II.    Defendants' Motion to Strike

Defendants' motion seeks to strike Plaintiff's undisclosed witness, Barbie Mahan, and her affidavit and attached exhibits (Dkt. 78), which were first disclosed as part of Plaintiff's Motion for Summary Judgment (Dkt. 74) on June 3, 2025. Dkt. 91 at 1. Plaintiff's undisclosed witness, Barbie Mahan, executed an affidavit attaching eight exhibits on June 2, 2025. Dkt. 78 at 13. Plaintiff responds that the Court should permit Ms. Mahan's affidavit and attached exhibits because the failure to disclose was substantially justified and harmless, or allow the exhibits since they were disclosed to Defendants six months ago and authenticated by other means. Dkt. 100 at 1.

Because Plaintiff concedes that there is a Rule 26(a) violation for failing to timely disclose Ms. Manhan, the only issue the Court considers is whether the violation was “substantially justified or is harmless.” Fed. R. Civ. P. 37(c)(1); *see* Dkt. 100 (“Plaintiff recognizes that it would have been prudent to supplement its

initial disclosures and identify Ms. Mahan as a witness and apologizes for any inconvenience this may have caused.").

Here, the Court finds that Ms. Manhan's affidavit is due to be stricken. Plaintiff argues that Ms. Mahan is "not a testifying witness, but instead was used solely to download relevant documents from the internet and authenticate such documents by identifying when the documents were downloaded, how they were downloaded, and the date of such download." Dkt. 100 at 5. While this may be true, Plaintiff's failure to disclose is certainly not harmless, as it deprives the Defendants of the opportunity to depose Ms. Mahan about the downloaded documents. *See Jones*, 748 F. App'x at 914.

However, the Court declines to strike all the attached exhibits. Plaintiff's response notes that exhibits A-C (attached to Ms. Mahan's affidavit) have already been previously authenticated by Dr. Nye during his deposition on December 17, 2024. Dkt. 100 at 3, 8. As for exhibits D and E, Plaintiff contends that "these exhibits were also utilized by opposing counsel in the TRASCO 30b6 deposition as well as the deposition of Dr. Elliott. Both Dr. Elliott and Plaintiff's corporate representative authenticated such documents during their respective depositions." *Id.* Defendants' reply does not contest that exhibits A-E had already been previously discovered and authenticated; rather, Defendants challenge the admission of exhibits F and G. *See* Dkt. 103 at 5. As such, the Court declines to

strike exhibits in A-E since their admission would be harmless under Rule 37(c)(1).

As to exhibits F and G, the Court strikes them at this time. Plaintiff notes that all the screenshots were discovered over to Defendants during Plaintiff's January 22, 2025, and March 7, 2025, productions. Dkt. 100 at 4. Defendants do not dispute this fact; instead, the parties argue about whether the exhibits can be properly judicially noticed and authenticated via the WayBack Machine. *Id.* at 10; Dkt. 103 at 5.

Federal Rule of Civil Procedure 56(c)(4) requires that "affidavits" and documents that support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Therefore, "[t]he general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" *Macuba v. Deboer*, 193 F.3d 1316, 1322–23 (11th Cir. 1999) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). However, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'" *Id.*

"Similarly, a court may consider unauthenticated evidence on a motion for summary judgment if the evidence is unchallenged or where it finds that those

records could be reduced to admissible evidence at trial." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016) (citation and quotations omitted). "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.* (citation and quotations omitted); *see also Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010) ("To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

Here, at this stage of the proceeding (on a summary judgment posture), the Court declines to wade into the evidentiary issues presented by the parties. Such evidentiary arguments are better suited as motions in limine and can be re-raised once the case reaches a trial posture. At this time, because the Court struck Ms. Mahan's affidavit for being untimely and not harmless, exhibits F and G are unauthenticated and due to be stricken when considering the record on summary judgment. Indeed, Ms. Mahan's affidavit notes that most of the screenshots in exhibits F and G were taken on October 27, 2023, January 16, 2025, and March 12, 2025, which provided Plaintiff's plenty of time before the close of discovery on May 30, 2025, to supplement its witness disclosure with Ms. Mahan and the

exhibits she would be authenticating. *See* Dkt. 78. Accordingly, the Court grants Defendants' motion insofar as the court will not consider Ms. Mahan's affidavit (Dkt. 78) and exhibits F and G (Dkts. 78-7 and 78-8) in its determination of the parties' cross-motions for summary judgment.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion to Strike Richard Ficca and Spencer Reynolds as witnesses, Dkt. 72, is **GRANTED.**

2. Defendants' Motion to Strike Ms. Mahan's affidavit, Dkt. 91, is **GRANTED in part and DENIED in part**.

   a. Ms. Mahan's affidavit (Dkt. 78) and exhibits F and G (Dkts. 78-7 and 78-8) are stricken at this time.

   b. Exhibits A-E (Dkts. 78-2, 78-3, 78-4, 78-5, 78-6) are not stricken.

**DONE AND ORDERED** at Tampa, Florida, on September 15, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record