UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRASCO WELLNESS, LLC** d/b/a
**TAMPA BAY SPINE AND SPORT**,
a Florida Limited Liability Company,

Plaintiff,

CASE NO. 8:23-cv-02536-WFJ-LSG

v.

**TAMPA BAY SPINE & SPORTS MEDICINE, LLC**, a Florida Limited Liability Company,
**TAMPA BAY SPINE AND SPORT, LLC**, a Florida Limited Liability Company, and
**ERIC J. NYE**, an individual,

Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Trasco Wellness d/b/a Tampa Bay Spine and Sport's ("Trasco" or "Plaintiff") Motion for Attorneys' Fees pursuant to Fed. R. Civ. P. 54(d)(2), Local Rule 7.01, and 15 U.S.C. § 1117(a). Dkt. 111. Defendants Tampa Bay Spine & Sports Medicine, LLC ("TBSSM") and Dr. Eric J. Nye ("Dr. Nye") (collectively, "Defendants") have responded in opposition, Dkt. 113, and Plaintiff Trasco replied, Dkt. 114. Upon careful review, the Court denies Plaintiff's Motion for Attorneys' Fees.

# PROCEDURAL BACKGROUND[1]

Over two years ago, on November 6, 2023, Plaintiff Trasco filed its first complaint against Defendants. Dkt. 1. Following a motion to dismiss, Dkt. 22, Plaintiff filed its first amended complaint on January 26, 2024. Dkt. 28. At this time, the Court had already issued its Case Management and Scheduling Order ("CMSO"), which ordered that Plaintiff's Expert Disclosure was due February 3, 2025, Defendants' Expert Disclosure was due March 3, 2025, and the Discovery Cut-Off was April 18, 2025. Dkt. 27 at 1.

Again, in response to the first amended complaint, Defendants filed a motion to dismiss, Dkt. 31, which the Court granted in part, dismissing one count without prejudice with 21 days to amend. Dkt. 34. On April 17, 2024, Plaintiff filed its second amended complaint, Dkt. 35, and Defendants filed their answer with counterclaims. Dkt. 37. On May 22, 2024, Plaintiff filed its answer to Defendants' counterclaims. Dkt. 38.

However, on September 26, 2024, Plaintiff filed an unopposed motion to amend its complaint, Dkt. 41, which the Court granted on the same day. Dkt. 42. The following day, on September 27, 2024, Plaintiff filed its third (and final) amended complaint.[2] Dkt. 43. On October 11, 2024, Defendants filed their answer without

---

[1] An extensive factual background to this trademark infringement case can be found in the Court's previous Summary Judgement Order. *See* Dkt. 107 at 2–7. The Court incorporates its prior factual background here.
[2] In the operative complaint, Plaintiff alleged causes of action against Defendants for Declaratory Judgment of Non-infringement under §§ 32(a), 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1125) (Count I), Declaratory Judgment of

bringing any counterclaims. Dkt. 45. Importantly, during all the back-and-forth pleadings and motion practice, discovery had been ongoing, and the CMSO deadlines remained unchanged.

On April 1, 2025, Defendants moved for an extension of time to complete discovery, including extensions to the expert disclosure deadlines. Dkt. 46. On April 10, 2025, the Magistrate Judge granted in part and denied in part Defendants' motion, amending the CMSO to extend the discovery cut-off to May 30, 2025, but denying any extension to the expert disclosure deadlines (which had already expired). Dkt. 57 at 1, 3. On April 17, 2025, Defendants filed a motion to amend their operative answer to reassert counterclaims that were not included when answering the third amended complaint. Dkt. 62; *Compare* Dkt. 37 *with* Dkt. 45. The Magistrate Judge's Report and Recommendation found—and this Court later adopted—that any counterclaims brought by Defendants were abandoned. Dkts. 64, 68, 69.

On May 29, 2025, Defendants then filed a motion for reconsideration, seeking to relitigate the two prior denials: the extension of the expert disclosure deadline and

---

No Unfair Competition under 15 U.S.C. § 1125(a) (Count II), Declaratory Judgment of Non-infringement under Florida Common Law (Count III), Declaratory Judgment of Invalidity based on Descriptiveness, Genericness, and Extensive Third-Party Use (Counts IV, V, and VI), and, in the alternative, Trademark Infringement Under 15 U.S.C. § 1125(a) (Count VII) and Trademark Infringement under Florida Common Law (Count VIII). Dkt. 43 ¶¶ 39–94. On May 14, 2025, Plaintiff voluntarily dismissed its alternative claims for trademark infringement (Counts VII and VIII). Dkt. 65.

3

the request to add counterclaims. Dkt. 70. The Magistrate Judge again recommended that the motion be denied, and this Court agreed. Dkts. 73, 89.

The parties also participated in additional motion practice following the close of discovery, including filing motions to strike untimely witness disclosures. Dkts. 72, 91. The Court granted Plaintiff's motion to strike and granted in part and denied in part Defendants' motion to strike. Dkt. 105. In the order ruling on the motions to strike, the Court noted that "Defendants' lack of diligence during discovery is a recurring issue that the Court has repeatedly admonished them about." *Id.* at 7. However, the Court also found that Plaintiff failed to timely disclose a witness who was being used to authenticate exhibits in Plaintiff's summary judgment motion. *Id.* at 12.

On October 2, 2025, the Court granted Plaintiff Trasco's Motion for Summary Judgment on all counts (the "SJ Order"). Dkt. 107. On October 3, 2025, the Clerk entered Judgment in favor of Plaintiff on all counts and against Defendants Dkt. 108. As it relates to attorneys' fees, the SJ Order specifically noted that "Plaintiff has not presented any evidence, made any argument, or cited any authority showing that this is an 'exceptional case' that entitles Plaintiff to reasonable attorney fees under 15 U.S.C. §1117(a)." Dkt. 107 at 44.

On October 17, 2025, Plaintiff Trasco timely filed the instant motion for attorneys' fees, "seek[ing] its attorney's fees under 15 U.S.C. §1117(a) for defending

Defendants' exceptionally weak trademark infringement and unfair competition arguments and opposing Defendants' belated attempts at naming an expert witness and asserting counterclaims." Dkt. 111 at 5.

## DISCUSSION

As an initial matter, the Court finds that it did not deny Plaintiff's request for attorneys' fees in the SJ Order. *See* Dkt. 107 at 44. In Plaintiff's concluding paragraph of its motion for summary judgment, Plaintiff specifically listed the relief it requested, including attorney's fees under § 1117(a). Dkt. 74 at 24–25. In the SJ Order, the Court mentioned that "Plaintiff has not presented any evidence, made any argument, or cited any authority showing that this is an 'exceptional case' that entitles Plaintiff to reasonable attorney fees under 15 U.S.C. § 1117(a)." Dkt. 107 at 44. However, the Court does not construe its prior mention of § 1117(a) as a substantive ruling on Plaintiff's entitlement to attorneys' fees. Indeed, the Middle District of Florida Local Rules state that a motion for attorneys' fees can only be made "[w]ithin fourteen days after entry of *judgment*[.]" Local Rule 7.01(b) (emphasis added). The Clerk did not enter judgment until the day after the Court issued its SJ Order. *See* Dkt. 108. As such, the entitlement to attorneys' fees is only properly considered after the entry of judgment, once Plaintiff has been deemed the prevailing party. *See Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 293 F. Supp. 3d 1334, 1376 (M.D. Fla. 2017) (citing Fed. R Civ. P. 54(d)(2)) ("The Clerk has not

5

yet entered judgment in this case and thus the Court's consideration of the parties' entitlement to attorney's fees is premature."); *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1380 (11th Cir. 2022) (citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)) (finding that a party has not "prevailed" under Rule 54 until there is a "resolution of the case that changed the legal relationship of the parties").[3]

The Court now turns to the main question at hand: whether this litigation was an "exceptional case" for the purposes of awarding attorneys' fees under the Lanham Act. The Lanham Act states that in a lawsuit based on 15 U.S.C. § 1125(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit has held that an "exceptional case" is "simply one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). But "[a] case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim, especially on an issue with no directly controlling precedent."

---

[3] Here, for the purposes of resolving the motion for attorneys' fees, the Court assumes that Plaintiff Trasco is the "prevailing party," as Plaintiff sought "a material alteration in the legal relationship between the parties" and won on summary judgment. *Royal Palm Props.*, 38 F.4th at 1381 (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016)); *see* Dkt. 107 at 48.

6

*Id.* at 1119. Ultimately, whether a case is exceptional is "based on the totality of the record," *id.* at 1118 (alteration accepted), and within the district court's discretion. *Id.* at 1117 (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)).

When determining "whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, [and] considering the totality of the circumstances," *Octane Fitness*, 572 U.S. at 554, the Court looks to several nonexclusive factors, "including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554 n.6 (citation omitted); *see Commodores Ent. Corp. v. McClary*, No. 24-13225, 2025 WL 2754134, at *3 (11th Cir. Sept. 29, 2025) (citing the *Octane Fitness* factors in the 15 U.S.C. § 1117(a) context).

Here, based on the totality of the circumstances, the Court cannot say that this is an "exceptional case" based on the strength of the litigating positions or the manner in which the case was litigated. In steep contrast to *Tobinick*, this case does not present the type of conduct or litigation history that would support a finding of exceptionality under § 1117(a). In *Tobinick*, the district court found the case exceptional because the plaintiff (against whom attorneys' fees were imposed) "responded to a number of adverse decisions by accelerating the pace of his filings,

7

repeatedly seeking to add parties and claims and bringing what the court viewed as baseless motions for sanctions and accusations of perjury." 884 F.3d at 1119. The Eleventh Circuit affirmed, finding that this conduct from the plaintiff—i.e., persisting in meritless claims, escalating filings after adverse rulings, and attempting to relitigate old issues—made the case "stand[] out from others" as "not run-of-the-mill." *Id.* at 1118–19.

Subsequent unpublished decisions from the Eleventh Circuit have followed a similar path, affirming attorneys' fee awards under § 1117(a) in analogous circumstances.[4] For example, in *Warren Tech., Inc. v. UL LLC*, the appellate court agreed with the district court's award of attorneys' fees under § 1117(a), finding that the plaintiff's case "had many weaknesses," "the manner in which [the plaintiff] litigated the case" involved "sharp litigation tactics," and the plaintiff has been "unsuccessful on essentially every substantive motion that was filed in the case." No. 21-11168, 2021 WL 4940833, at *2–3 (11th Cir. Oct. 22, 2021). Moreover, the plaintiff had "continued to litigate even after the district court expressed doubt about whether [the plaintiff] would be able to amend its pleadings to state a claim." *Id.* at *3 (internal quotations omitted).

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

8

Similarly, in *Commodores Ent. Corp. v. McClary*, the Eleventh Circuit recently affirmed an award of attorneys' fees when, over the course of a ten-year litigation, the defendant lost every claim he made (including two jury trials), his legal arguments and defenses were all "weak from the start," the defendant's "overall litigation strategy [was] egregious, unreasonable, and untenable," and the defendant blatantly and flagrantly disregard of the district court's orders multiple times to the point where "it verged on contempt of court." 2025 WL 2754134, at *3–4 (citation modified).

When comparing *Tobinick*, *Warren Tech.*, and *McClary* to the two-year procedural history of the instant case, this trademark infringement case is undeserving of any "exceptional" status. First, while the Court ruled against Defendants several times, Defendants never "accelerat[ed] the pace of [their] filings," never "repeatedly [sought] to add parties and claims," and never brought "baseless motions." *Tobinick*, 884 F.3d at 1119. Nor did Defendants ever blatantly or flagrantly violate any of the Court's orders over the litigation period. *See McClary*, 2025 WL 2754134, at *4. Instead, as chronologically charted above, Defendants engaged in normal motion practice by filing motions to dismiss the first two complaints, Dkts. 22, 31, and timely filed answers to subsequent complaints. Dkts. 37, 45. Indeed, it was Plaintiff's decision—not Defendants'—to file four different

9

complaints during the early parts of this litigation, each requiring a responsive pleading from Defendants. *See* Dkts. 1, 28, 35, 43.

As to discovery, while the Magistrate Judge and this Court admonished Defendants for being somewhat dilatory, the Court cannot say that Defendants' conduct during discovery (including the motions filed during this phase) rose to the level of being "egregious, unreasonable, or untenable." *McClary*, 2025 WL 2754134, at *4 (citation modified). Nor did Defendants engage in "sharp litigation tactics" during the discovery phase. *See Warren Tech.*, 2021 WL 4940833, at *2. Furthermore, any delays during discovery were harmless, as Plaintiff only partially opposed an extension to the CMSO and even agreed with Defendants' request for an extension to the discovery cut-off deadline. Dkt. 47 at 1; Dkt. 57 at 1.

However, Plaintiff argues that even if the manner in which the case was litigated does not make this an exception case, then the strength of the litigating positions does. Specifically, Plaintiff asserts that "Defendants' claims of federal trademark infringement and unfair competition were extremely weak." Dkt. 111 at 13. The Court disagrees and finds that Defendants zealously defended against the cancellation of their supplemental mark during the summary judgment phase, albeit without success. First, Defendants made good faith efforts to show that their mark is at least suggestive by arguing that the mark has two different meanings based on the deposition of Dr. Nye. *See* Dkt. 107 at 22 (citing Dkt. 95 at 19). Second, as to the

10

failure to produce evidence showing that Defendant TBSSM's mark acquired secondary meaning, *see* Dkt. 111 at 13–14, this conduct does not automatically require a finding that this case is exceptional. Defendants attempted to present evidence of secondary meaning, including hundreds of pages of misaddressed subpoenas and testimony regarding their marketing and advertising efforts in the community. Dkt. 80 ¶¶ 31, 41; Dkt. 107 at 5–6, 34, 40.

Third, while Plaintiff Trasco prevailed on every single count, *see* Dkt. 107 at 48, the Eleventh Circuit has warned that a case will not qualify as exceptional merely because a party zealously defended against the claims or litigated issues on which precedent is unsettled. *Tobinick*, 884 F.3d 1119. This warning is especially relevant to this case, as the complex and novel nature of Plaintiff's suit—seeking a declaratory judgment against a Supplemental Register trademark owner under 15 U.S.C. §§ 1114 and 1125—meant that there was almost no directly controlling precedent for this Court to follow. *See* Dkt. 107 at 13 n.3, 19, 20 n.6. To the Court's knowledge, this is the only case in the Eleventh Circuit to address a situation where a plaintiff is suing a Supplemental Register trademark owner for declaratory judgment of non-infringement, which required a determination of who bears the burden of proving a Supplemental Register mark's validity on cross-motions for summary judgment. *See id.* at 19 (noting that "the Eleventh Circuit has not directly addressed this issue").

11

To put a finer point on it, the complex posture of this case required this Court to carefully explain whether any evidentiary benefit or presumption applied, and determine who bore the burden of providing evidence of the mark's validity. *See id.* at 18–19. In a typical trademark case, such burden issues are easily resolved, as the trademark owner is usually the one suing the alleged infringer, and the mark at issue is typically on the Principal Register. *See e.g.*, *Engineered Tax Servs., Inc. v. Scarpello Consulting, Inc.*, 958 F.3d 1323, 1326 (11th Cir. 2020). Thus, "the mark is presumed to be inherently distinctive and thus at least suggestive," and the owner of the Principal Register mark has "no burden to come forward with any affirmative evidence" of inherent distinctiveness on summary judgment. *Id.* at 1328 (citation omitted). Instead, it is the alleged infringer who "bears the burden to *disprove* inherent distinctiveness." *Id.* This case, however, was not a typical trademark case.

In sum, considering the totality of the circumstances, this case lacks the hallmarks of exceptionality present in *Tobinick*, *Warren Tech.*, and *McClary*; therefore, the Court exercises its discretion to decline an award of attorney's fees under § 1117(a).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff Trasco's Motion for Attorneys' Fees, Dkt. 111, is **DENIED.**

12

**DONE** and **ORDERED** in Tampa, Florida, on November 18, 2025.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsels of Record